IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **DAVE KATTAN,**<br><br>        **Plaintiff,**<br><br>-v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC and EQUIFAX INFORMATION SERVICES, LLC,**<br><br>        **Defendants.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff, Dave Kattan, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Transunion") and Equifax Information Services, LLC ("Equifax"), negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Defendants failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to conduct reasonable investigations in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. §

1681p.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff, Dave Kattan ("Plaintiff"), is a resident of the State of Oregon and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

9. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

11. Defendant TransUnion, LLC ("Transunion") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12. TransUnion is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

## FACTUAL ALLEGATIONS

13. This case relates to a Verizon phone that was purchased/financed through Best Buy on or about April 25, 2020.

14. Pursuant to the installment loan agreement for the purchase of the phone, Plaintiff was responsible for payment of the $1449.99 retail price of the iPhone 11 Pro Max to Verizon over a 2-year period, including the maintenance of service with Verizon.

15. However, under section 10 of the loan agreement, Plaintiff had a right to cancel the agreement by contacting Best Buy within 14 days of his purchase and returning the phone pursuant to Best Buy's return policy. If Plaintiff did so, he would not be charged for the amount financed for his phone.

16. Accordingly, Plaintiff exercised this option and on May 7, 2020, 12 days after he entered the agreement, Plaintiff initiated a return with Best Buy and returned his order, thereby cancelling the agreement.

17. Despite this, Plaintiff reviewed his credit reports and discovered that Experian, Equifax and Transunion were each similarly reporting the Verizon account and an outstanding

balance associated with it.

18. Accordingly, on numerous occasions, including most recently or about August 9, 2023, Plaintiff sent disputes regarding this account via certified mail to Experian, Transunion, and Equifax, attaching copies of the contract and his return receipt and indicating that did not owe any balance, and requesting that this information be removed.

19. Following receipt of Plaintiff's disputes, Experian failed to conduct a reasonable investigation, correct or remove the inaccurate Verizon account from the Plaintiff's credit file. Instead, Experian purported to have verified this information as accurate and as a result, that information is still being reported to this day.

20. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

21. Similarly, TransUnion refused to investigate, correct or remove the Verizon account from the Plaintiff's credit file. Instead, Transunion purported to have verified this information as accurate and as a result, that information is still being reported to this day.

22. Upon information and belief, TransUnion had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

23. Equifax responded rejecting Plaintiff's dispute related to an issue of the form of ID he supplied in support of his dispute. On or about August 28, 2023, Plaintiff sent another dispute regarding this account via certified mail to Equifax, attaching copies of the contract and his return receipt and indicating that did not owe any balance, and requesting that this information be removed.

24. Equifax refused to investigate, correct or remove the fraudulent Verizon account from the Plaintiff's credit file. Instead, Equifax purported to have verified this information as

accurate and as a result, that information is still being reported to this day.

25. Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

26. Experian, Equifax, and Transunion were each notified of the respective disputes but refused to investigate and/or remove inaccurate reporting.

27. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

28. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

29. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

30. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and the defamatory harm that Plaintiff has suffered as a result of having this fraudulent, negative information attributed to him and disseminated to creditors. For example, Plaintiff has been denied credit on multiple occasions due to these derogatory inaccuracies.

31. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

## COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EXPERIAN

32. All preceding paragraphs are realleged.

33. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

34. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

35. On multiple occasions, including on or about August 9, 2023, the Plaintiff initiated disputes with Experian requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging Verizon account.

36. Upon information and belief, Experian received Plaintiff's previous disputes.

37. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

38. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

39. All preceding paragraphs are realleged.

40. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

41. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Verizon account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

42. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT III**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EQUIFAX**

43. All preceding paragraphs are realleged.

44. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

45. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

46. On multiple occasions, including on or about August 28, 2023, the Plaintiff initiated disputes with Equifax requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging Verizon account.

47. Upon information and belief, Equifax received Plaintiff's previous disputes.

48. Equifax, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

49. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

50. All preceding paragraphs are realleged.

51. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

52. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Verizon account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

53. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

54. All preceding paragraphs are realleged.

55. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

56. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

57. On multiple occasions, including on or about August 9, 2023, the Plaintiff initiated disputes with Transunion requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging Verizon account.

58. Upon information and belief, Transunion received Plaintiff's previous disputes.

59. Transunion, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

60. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

## COUNT VI
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST TRANSUNION

61. All preceding paragraphs are realleged.

62. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

63. Were Transunion to follow procedures to assure maximum possible accuracy of the

credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Verizon account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

64. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 16, 2023

By:   /s/ Dawn M. McCraw

Dawn M. McCraw, Esq. (OR# 192645)
CONSUMER ATTORNEYS, PLC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (602) 807-1527
F: (718) 715-1750
E: dmccraw@consumerattorneys.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
Pro Hac Vice Motion Forthcoming
*Attorney for Plaintiff*